No. 13,043.

National Sales Corporation *v.* Dennis et al.

(27 P. [2d] 499)

Decided November 20, 1933.

Mr. E. M. Sabin, Mr. James N. Sabin, for plaintiff in error.

Mr. Samuel J. Frazin, for defendant in error Dennis.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. Plaintiff in error is hereafter referred to as the company and defendants in error by name.

The company, claiming to own certain Denver lots and a mill and its equipment located thereon, alleged that Lehman had pretended to sell to Dennis a separator

therein situated and that Dennis had entered the building and was attempting to remove the machine. It prayed an injunction against defendants restraining them from further proceeding, and damages for the injury already inflicted. The temporary writ was issued. Dennis denied generally, and alleged specifically that Lehman had owned the separator and sold it to him. The reply denied the new matter and set up a contract between Lehman and the company which the latter claimed covered the disputed property.

The cause was tried to the court which found that Lehman had owned the separator and sold it to Dennis and that it was not included in the contract pleaded in the replication. The temporary injunction was dissolved and Dennis given judgment for costs. To review that judgment the company prosecutes this writ.

██ The six assignments amount to nothing more than an assertion that the judgment is not supported by the evidence. That no question of law is involved is further evident from the fact that no authority is cited in the company's opening brief or in the answering brief of Dennis.

The contract in question deals with the mining and milling of feldspar and contains an option to Lehman to purchase the "mill and grounds and equipment in said mill" for $9,900, to be paid, with interest, over a period of ten years. It is dated December 8, 1926. Lehman was to pay taxes, keep the property insured for the company, and maintain it "in as good condition and repair as the same is at the present time." He was to furnish the feldspar, and the company the market for it. If Lehman defaulted in any particular the company "shall not be bound to convey said property, nor shall this contract be construed to give said second party (Lehman) any interest, claim or right to said property or any lien thereof." In case of forfeiture, or death or disability of Lehman, the company had the right to use and oper-

ate the mill for the full ten year period, and use and operate Lehman's mining claims, paying the latter's estate a reasonable amount to be determined. No other provision of this option refers, directly or indirectly, to this separator. At its date there was, and still is, an old separator in the mill. In August, 1926, while Lehman and the company were negotiating, the former bought the separator here in question for $3,600. He paid $1,000 thereof in cash and gave his mortgage on the machine for the balance, which he later paid off in monthly installments. It was delivered to him the month following its purchase. The company claims it loaned Lehman $1,900 to buy this separator and took as security a deed of trust on two of his mining claims. Lehman says this loan was for the purchase of mining claims. The note for it and the deed of trust securing it bear date of December 16, 1926. It was paid by a deed of the claims to the company.

We think further elucidation of this evidence would be profitless. Suffice it to say that it clearly discloses that Lehman's purchase of the separator was a personal transaction and that none of the documents before us disclose any transfer of it, or interest in it, to the company which depends, for a substantiation of its contention, upon the terms of the option plus the alleged loan to Lehman for the purchase. In interpreting a contract courts must endeavor to ascertain and effectuate the intent of the parties to it. *Wolff v. Helbig,* 21 Colo. 490, 43 Pac. 133. Surrounding facts and circumstances, when necessary, should be resorted to. *Colo. F. & I. Co. v. Pryor,* 25 Colo. 540, 57 Pac. 51. So considering the transaction before us, we are wholly unable to find any justification for taking from Lehman this separator, which was of a value in excess of one-third of the total amount of the mill property on which he took his option, adding it to that property, and forcing him to repurchase it from the company. Our conclusion is that when Lehman sold

to Dennis he had full title, and the court correctly so found.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.